## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KELLY BAERGA, | ) | 3:22-CV-811 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF HARTFORD and | ) | |
| HARTFORD POLICE DEPARTMENT, | ) | November 10, 2022 |
| *Defendants*. | ) | |

## RULING AND ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS AND PLAINTIFF'S MOTION TO FILE A SURREPLY BRIEF

Sarala V. Nagala, United States District Judge.

In this removed action, Plaintiff Kelly Baerga alleges that Defendants City of Hartford and the Hartford Police Department have violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-60 *et seq.*, and Connecticut General Statutes § 31-51q. Defendants have moved to dismiss the complaint in part, arguing that Plaintiff has failed to exhaust her administrative remedies with respect to her CFEPA claims (Counts Two and Four) and that her Title VII claims (Counts One and Three) are untimely filed.[1] *See* ECF No. 16. For the reasons discussed below, the Court GRANTS Defendants' partial motion to dismiss. Additionally, the Court DENIES Plaintiff's motion to file a surreply brief, ECF No. 22.

### I.    FACTUAL BACKGROUND

As the merits of the present motion to dismiss relate to an earlier-filed case involving the same parties, the Court begins by providing brief background on that action. In May of 2020, Plaintiff, an employee of the Hartford Police Department who identifies as a gay Hispanic woman,

---

[1] Defendants have not moved to dismiss Plaintiff's § 31-51q claims (Counts Five and Six).

Case 3:22-cv-00811-SVN   Document 29   Filed 11/10/22   Page 2 of 9

filed an action in Connecticut Superior Court against Defendants, alleging that she was subjected to a hostile work environment and retaliated against on account of her race, color, national origin, sex, and sexual orientation. Defendants removed that action to federal court, and it was initially assigned to Senior United States District Judge Alfred Covello. *See Baerga v. City of Hartford et al.*, No. 20-cv-703 (SVN), ECF No. 1. On February 2, 2022, the Court (Covello, J.), granted in part and denied in part Defendants' motion for summary judgment in that action, allowing Plaintiff's hostile work environment and retaliation claims based on her sex and sexual orientation to proceed to trial, but granting judgment for Defendants on Plaintiff's claims based on her race, color, and national origin. *Id.*, ECF No. 40.

On February 8, 2022, Plaintiff moved for leave to amend her complaint in her 2020 action to add allegations that, as a consequence of her internal and external complaints of misconduct by Defendants, she was inappropriately disciplined and denied the opportunity for a promotion to the position of sergeant in the Hartford Police Department sometime in 2021. *Id.*, ECF No. 45. Plaintiff alleged that she had received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on February 4, 2022, in connection with her new allegations. *Id.* ¶ 109. Defendants opposed the motion, arguing that Plaintiff had unduly delayed in seeking leave to amend and that allowing the amendment would be prejudicial to them, given the post-summary judgment procedural posture of the case. *Id.*, ECF No. 52. On May 6, 2022, the Court (Covello, J.) denied Plaintiff's motion for leave to amend, finding that Plaintiff had unduly delayed in filing the motion to amend; that her claims depended on an earlier EEOC charge and therefore were not timely filed; and that Defendants had articulated sufficient prejudice to warrant denial of the motion. *Id.*, ECF No. 55.[2]

---

[2] Following Judge Covello's retirement, Case No. 20-cv-703 was reassigned to the undersigned.

In apparent response to Judge Covello's ruling denying her leave to amend her complaint in her 2020 action, Plaintiff initiated a new action in Connecticut Superior Court on or around May 25, 2022, pressing her claims under Title VII and the CFEPA that she was discriminated and retaliated against on the basis of her sexual orientation in connection with disciplinary action taken against her and Defendants' failure to promote her to the position of sergeant.  Defendants timely removed the action, which is the present matter, to federal court.  ECF No. 1.

Defendants then moved to dismiss this action in part, arguing that Counts Two and Four, alleging violations of the CFEPA, should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff has failed to exhaust her administrative remedies on these claims and that Counts One and Three, alleging violations of Title VII, should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because they were not filed within 90 days of the EEOC's February 4, 2022, right-to-sue letter.  In opposition, Plaintiff asserts that she has properly pleaded that she exhausted her administrative remedies by obtaining a right-to-sue letter from the EEOC.  *See* ECF No. 18 at 2–3.  With respect to timeliness, she argues that all of her claims are saved by operation of Connecticut General Statutes § 52-592, which is known colloquially as the "accidental failure of suit" statute.  *Id.* at 2–5.  After Defendants responded to Plaintiff's opposition, Plaintiff filed a motion to file a surreply brief, ECF No. 22, claiming that Defendants' arguments "raise questions of first impression under Connecticut statutory law and case precedent that warrant further explication."  *Id.* at 1.  She included her proposed surreply brief with her motion for leave to file a surreply.  *Id.* at 2–7.

## II.     LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case for lack of subject matter jurisdiction.  A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### B.  Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted.  When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully."  *Id.*  In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).

However, the Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678.  Consequently, "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III.   DISCUSSION

#### A.   Plaintiff's Motion for Leave to File Surreply Brief

As a preliminary matter, the Court denies Plaintiff's request to file a surreply brief with respect to Defendants' motion to dismiss. Pursuant to Local Rule 7(d), surreply briefs may only be filed with permission of the Court, upon a showing of good cause. Initially, the Court notes that Plaintiff appears to have evaded the spirit of this rule by filing the proposed surreply brief simultaneously with the motion for leave to file such a brief, rather than awaiting permission from the Court before actually filing the surreply.

In any event, the Court finds that Plaintiff has not established good cause for the filing of a surreply brief. Plaintiff argues that Defendants' reply raised issues of first impression which required "further explication." Plaintiff had ample opportunity for such explication, however, in her opposition brief (the length of which was far shorter than the page limit set forth in the Local Rules). *See Williams v. City of Hartford*, No. 3:15-CV-00933 (AWT), 2017 WL 11448094, at *5 (D. Conn. June 26, 2017) (noting that "leave to file a sur-reply should be denied where the moving party 'previously had ample opportunity to address' the opposing party's arguments"). Defendants' reply brief merely attempted to refute the arguments Plaintiff made in her opposition, and did not raise any new arguments as to which Plaintiff otherwise would have lacked an opportunity to respond. Additionally, Plaintiff's proposed surreply also includes arguments related to Counts Five and Six, which she has brought under Connecticut General Statutes § 31-51q.

Counts Five and Six, however, are not subjects of Defendants' pending motion.  Accordingly, Plaintiff's motion to file a surreply is DENIED in full.

      B.  <u>Defendants' Partial Motion to Dismiss</u>

      *1.  Failure to Exhaust Administrative Remedies (CFEPA Claims)*[3]

Turning to Defendants' partial motion to dismiss, the Court begins by addressing Defendants' assertion that Plaintiff has failed to exhaust her administrative remedies with respect to Counts Two and Four, her CFEPA claims.

Before a plaintiff can bring a CFEPA claim in federal court, she must first exhaust her state administrative remedies. *Duarte v. W. Conn. Health Network*, No. 3:16-CV-01757 (JAM), 2017 WL 3499937, at *1 (D. Conn. July 11, 2017).  In other words, the plaintiff "must timely file a complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO); if the CHRO issues a release of jurisdiction, then a plaintiff may bring suit in court." *Id.*  The Connecticut Supreme Court "has made clear that the failure to exhaust administrative remedies or to obtain a release of jurisdiction from the CHRO implicates the Court's subject matter jurisdiction to hear CFEPA claims." *Grande v. Hartford Bd. of Educ.*, No. 19-CV-00184 (KAD), 2020 WL 70815, at *3 (D. Conn. Jan. 7, 2020) (citing *Sullivan v. Bd. of Police Comm'rs of City of Waterbury*, 196 Conn. 208, 217–18 (1985)); *see also* Conn. Gen. Stat. § 46a-101(a) ("No action may be brought in accordance with section 46a-100 unless the complainant has received a release from the [CHRO] . . . .").

Applying the foregoing principles, the Court must dismiss Counts Two and Four for lack of subject matter jurisdiction.  Plaintiff has neither attached to her complaint a copy of a release of

---

[3] At a hearing in Case No. 20-cv-703 on November 3, 2022, the Court previewed that it intended to dismiss Counts Two and Four of the complaint in this action on the basis of untimeliness.  Upon further review, however, because the failure to exhaust administrative remedies deprives the Court of subject matter jurisdiction over these claims, they are dismissed on that basis.

jurisdiction letter from the CHRO nor alleged that she obtained such a release of jurisdiction.  In response to Defendants' motion to dismiss, Plaintiff has not argued that she did in fact exhaust her administrative remedies with the CHRO on her present CFEPA claims.   While Plaintiff conclusorily alleges in the complaint that she has "exhausted her administrative remedies on all matters alleged in her complaint," she alleges only that she received a right-to-sue letter from the federal EEOC, *see* Compl., ECF No. 1-1, ¶ 46.  Obtaining a right-to-sue letter from the federal EEOC, however, is insufficient to exhaust her administrative remedies with respect to her state law CFEPA claims, *see, e.g.*, *Wellington v. Norwalk Hosp.*, No. 3:18-CV-02143-WWE, 2019 WL 2475178, at *1 (D. Conn. June 13, 2019) (noting that "an EEOC right-to-sue letter is not sufficient to satisfy the exhaustion requirements of the CFEPA"); *Edwards v. William Raveis Real Est., Inc.*, No. 08-cv-1907 (JCH), 2009 WL 1407233, at *3 (D. Conn. May 19, 2009) (recognizing that, while a plaintiff who obtains a CHRO release need not necessarily obtain an EEOC right-to-sue letter, the inverse, "that an EEOC right-to-sue letter is sufficient to satisfy the exhaustion requirements of the CFEPA," is not true).

Accordingly, Counts Two and Four are dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  *See Duarte*, 2017 WL 3499937, at *1 (dismissing CFEPA discrimination and retaliation claims where the plaintiff's complaint neither attached a copy of a release of jurisdiction letter from the CHRO, nor alleged that the plaintiff received such a letter).

## 2.  *Application of Conn. Gen. Stat. § 55-592*

The Court next addresses Defendants' argument that Plaintiff's Title VII claims are untimely.  Specifically, Defendants contend that Plaintiff's Title VII claims were not filed within 90 days of receipt of the EEOC's right-to-sue letter, as required by 42 U.S.C. § 2000e-5(f)(1), which states that a civil action may be brought against the named respondent within 90 days after

the EEOC gives notice of dismissal of a charge.  *See Edo v. Antika Pizzeria Astoria, Inc.*, 852 F.

App'x 618, 619 (2d Cir. 2021) ("In order to be timely, a claim under Title VII . . . must be filed

within 90 days of the claimant's receipt of a right-to-sue letter." (quoting *Sherlock v. Montefiore*

*Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996)).  Defendants note that the complaint itself alleges that

Plaintiff received the EEOC right-to-sue letter on February 4, 2022, and that the suit was not

initiated until at least 110 days later, in late May of 2022.[4]

Plaintiff does not contest that the suit was not filed within 90 days of her receiving the

EEOC's right-to-sue letter.  Instead, she claims that Conn. Gen. Stat. § 52-592, Connecticut's

"accidental failure of suit" statute, permits her late filing.  That statute provides, in pertinent part:

> If any action, commenced within the time limited by law, has failed one or more
> times to be tried on its merits because of insufficient service or return of the writ
> due to unavoidable accident or the default or neglect of the officer to whom it was
> committed, . . . or the action has been otherwise avoided or defeated . . . for any
> matter of form . . . , the plaintiff . . . may commence a new action . . . for the same
> cause at any time within one year after the determination of the original action or
> after the reversal of the judgment.

Conn. Gen. Stat. § 52-592(a).  Importantly, as a state statute, § 52-592 does not automatically

apply to federal claims.  *Williams v. State of Conn. Dep't of Corr.*, No. 3:16-CV-01612 (VAB),

2017 WL 2838081, at *4 (D. Conn. June 30, 2017).  While federal courts commonly apply § 52-

592 to federal claims that "borrow the applicable statute of limitations from state law," *id.* at *4

(citing *Williams v. Walsh*, 558 F.2d 667, 674 (2d Cir. 1977)), this practice does not apply to Title

---

[4] There is some discrepancy in the parties' pleadings regarding precisely when Plaintiff initiated her state court action. *See* Compl., ECF No. 1-1 at 3 (state court complaint dated May 25, 2022); ECF No. 1-1 at 2 (state court summons form signed by Plaintiff's counsel on May 25, 2022, file-stamped by "Town & City Clerk, Hartford" on May 31, 2022, and file-stamped by "Corporation Counsel" on June 1, 2022); ECF No. 1 ¶ 1 (notice of removal stating that the state court action was commenced "[o]n or about May 31, 2022"); ECF No. 17 at 5 (Defendants' memorandum indicating that Plaintiff served her state court complaint "on or about June 1, 2022").  Because the earliest of these dates, May 25, 2022, falls outside of the 90-day limitations period applicable to Plaintiff's Title VII claims, the precise date on which Plaintiff initiated her state court action does not materially affect the Court's analysis in this ruling.  As a result, the Court need not address this discrepancy any further.

VII claims, which are subject to the *federal* statute of limitations set forth in 42 U.S.C. § 2000e-5(f)(1). *Id.* at *5.

Here, Plaintiff does not dispute that, unless § 52-592 applies, her Title VII claims are untimely because she brought them more than 90 days after receipt of her right-to-sue letter from the EEOC. Because § 52-592 does not apply to claims brought under Title VII, however, it cannot save Plaintiff's claims in Counts One and Three. Accordingly, Counts One and Three are dismissed as untimely pursuant to Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS ECF No. 16, Defendants' partial motion to dismiss. Counts One, Two, Three, and Four are hereby dismissed. The Court also DENIES Plaintiff's motion to file a surreply brief, ECF No. 22.

**SO ORDERED** at Hartford, Connecticut, this 10th day of November, 2022.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE